# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 1107 | **DATE** | 2/14/2013 |
| **CASE TITLE** | U.S. ex rel. Evelyn Jackson (R-35877) vs. Thompson | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for leave to proceed *in forma pauperis* [3] is denied.  Petitioner is granted until 3/18/13 in which to:  (1) pay the $5.00 statutory filing fee and (2) show good cause in writing why his petition should not be dismissed as untimely.  Failure of Petitioner to comply with this order by 3/18/13 will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Petitioner's motion for the appointment of counsel [4] is denied as premature.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

     Evelyn Jackson, a state prisoner, has filed a *pro se* petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Petitioner challenges her conviction for murder.

     Petitioner's motion for leave to file *in forma pauperis* is denied for lack of a sufficient showing of indigence.  Petitioner's financial affidavit reveals that he has a monthly average balance of $118.01 in her prison trust fund account.  Because Petitioner is a prisoner for whom the state provides the necessities of life, such assets do not qualify her for pauper status.  *See Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980).  Petitioner is financially able to pay the $5.00 filing fee and must do so if she wishes to proceed with this action.  She may pay by check or money order made payable to Clerk, United States District Court.  If Petitioner does not pay the filing fee by 3/18/13, the Court shall enter judgment dismissing this case.  *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

     As an additional concern, it appears that the petition is untimely.  Under the Antiterrorism and Effective Death Penalty Act of 1996, "a 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The one year runs from the latest of several dates, including:  (1) the date on which the conviction became final by the conclusion of direct review or the expiration of the time for seeking such review; (2) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.  *Id.*  "The time period during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not count toward any period of limitation. . . ."  28 U.S.C. § 2244(d)(2).

## STATEMENT

In this case, Petitioner was convicted on February 7, 2001. Petitioner's conviction was affirmed by the Illinois Appellate Court on October 10, 2001. Petitioner did not file a petition for leave to appeal (PLA) to the Illinois Supreme Court. Petitioner filed a state post-conviction petition on February 18, 2004. That petition was denied on September 1, 2005. The Illinois Appellate Court affirmed the denial of the state post-conviction petition on March 19, 2010. Petitioner did not file a PLA to the Illinois Supreme Court.

Petitioner's conviction became final on November 14, 2001, thirty-five days after the appellate court's decision and the deadline for filing a PLA in the Illinois Supreme Court. *See* Ill. S.C. Rule 315(b); 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner's federal habeas petition was due on or before November 14, 2002, unless the time was tolled because of a properly filed state post-conviction petition. However, Petitioner did not file her state post-conviction petition until February 18, 2004, well after the limitations period had already expired.

Furthermore, even if the time period had been tolled until after her state post-conviction petition had been denied, her present petition would still appear to be time-barred. The Illinois Appellate Court affirmed the denial of her state post-conviction petition on March 19, 2010. Thus, any federal habeas petition would have had to have been filed before April 23, 2011 (35 days plus one year). Petitioner filed her present habeas petition in this Court on February 6, 2013. Thus, it appears that Petitioner's habeas petition is untimely. The Court gives Petitioner until 3/18/13 in which to show cause why this action should not be dismissed as untimely.

For the foregoing reasons, Petitioner is granted until 3/18/13 in which to: (1) pay the $5.00 statutory filing fee and (2) show good cause in writing why the habeas petition should not be dismissed as untimely. Failure of Petitioner to comply with this order by 3/18/13 will result in summary dismissal of this case pursuant to Rule 4 of the Rules Governing Section 2254 Cases.